

**ArentFox Schiff LLP**

1301 Avenue of the Americas
42nd Floor
New York, NY  10019

212.484.3900    **MAIN**
212.484.3990    **FAX**

afslaw.com

**Darrell S. Gay**
Partner
212.457.5465    **DIRECT**
darrell.gay@afslaw.com

**Nicholas L. Collins**
Associate
212.457.5430    **DIRECT**
nicholas.collins@afslaw.com

September 16, 2025

**BY ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:    Kelvin Hunter v. Debmar-Mercury, et al.,
          22-CV-1687 (PGG) (SDA)

Your Honor:

This firm represents Ira Bernstein, Mort Marcus, and Debmar-Mercury LLC (hereinafter "Defendants") in the above-mentioned matter.  Pursuant to Rule I.A. of Your Honor's Individual Rules, Defendants write to respectfully request that the Court close this case because Plaintiff has failed to follow this Court's Order, dated June 10, 2025.  (Dkt. No. 70).

On June 10, 2025, the parties appeared before Your Honor to address the status of this case in light of the Second Circuit's decision in *Hunter v. Debmar-Mercury LLC*, 24-1229, 2025 WL 1089218 (2d Cir. Apr. 8, 2025).  Following the conference, the Court granted Defendants' motion to dismiss the sole count for discrimination under the New York City Human Rights Law and granted former counsel Abraham George's motion to withdraw as Plaintiff's attorney.  (Dkt. No. 70).  Despite the Court's ruling, Plaintiff expressed the desire to amend the Complaint to add several additional new claims, even though his former counsel had not once suggested in more than three years of litigation that Plaintiff's lawsuit would be susceptible to amendment in the event his claim under the NYCHRL was dismissed.  Plaintiff, who appeared in person, was explicitly ordered the following:

> Plaintiff will arrange for substitute legal representation by August 11, 2025. If Plaintiff has not retained a lawyer by that date, he will proceed *pro se*. Any motion for leave to file an amended complaint will be filed by September 11, 2025. The proposed Amended Complaint is to be attached as an exhibit to any such motion. In the event that a motion for leave to amend is not filed by September 11, 2025, the Court will direct the Clerk of Court to close this case.

Dkt. No. 70.

On September 11, 2025, Plaintiff, now purporting to proceed *pro se*, filed an Amended Complaint with the Court.  (Dkt. No. 73).  However, Plaintiff's filing is in violation of (1) Your Honor's June 10, 2025 Order; and (2) Fed. R. Civ. P. 15, which requires Plaintiff to seek leave of this Court or Defendants' consent prior to filing an Amended Complaint.  With respect to your

**Smart In
Your World**®



Honor's Order, the Court was crystal clear in its instruction, Plaintiff was to file a motion to amend and attach the proposed Amended Complaint as an exhibit. The Court graciously afforded Plaintiff over three (3) months to either retain new counsel to appear on his behalf and prepare the motion or draft the motion himself. Plaintiff has failed to do either. His *pro se* status is not an excuse to disregard both this Court's Order and the Federal Rules of Civil Procedure. *See, Peavy v. A. Rosenblum*, 793 F. Supp.2d 590, 594 (E.D.N.Y. 2011) ("*pro se* status 'does not exempt a party from compliance with relevant rules of procedure and substantive law"). Indeed, *pro se* litigants are often ordered to draft and file motions such as motions to amend. *See*, *e.g.*, *Smith v. Famiano, et al.*, 17-CV-6535 (PKC), at Dkt. No. 15.[1] Further, Plaintiff's action prejudices the Defendants, who are usurped of an opportunity to assess Plaintiff's basis for seeking leave to amend and assert legal arguments in opposition.[2] As such, Plaintiff's failure to abide by this Court's Order should result in the closing of this case. *See, e.g.*, *Red Rock Sourcing, LLC v. JGX, LLC*, No. 21 CIV. 1054 (JPC), 2025 WL 524024, at *11 (S.D.N.Y. Feb. 18, 2025) ("Because JGX filed the Third-Party Complaint without first obtaining the Court's leave, the proper remedy is to strike JGX's unauthorized pleading."); *Bizouati v. City of New York*, No. CV 2005-4133 RJDMDG, 2008 WL 753886, at *2 (E.D.N.Y. Mar. 19, 2008) ("Since plaintiff had no right to file the Second Amended Complaint, this Court exercises its inherent power to strike this improper pleading.").

In addition, Defendants assert that this remedy is appropriate because it appears that Plaintiff is being aided by an attorney despite his apparent presentation that he is proceeding *pro se*. As such, affording Plaintiff any deference reserved for *pro se* litigants would unduly prejudice the Defendants. Courts in this Circuit have held that:

> [w]hen ... complaints drafted by attorneys are filed bearing the signature of a plaintiff outwardly proceeding *pro se*, the indulgence extended to the *pro se* party has the perverse effect of skewing the playing field rather than leveling it. The *pro se* plaintiff enjoys the benefit of the legal counsel while also being subjected to the less stringent standard reserved for those proceeding without the benefit of counsel. This situation places the opposing party at an unfair disadvantage, interferes with the efficient administration of justice, and constitutes a misrepresentation to the Court.

*Kurian v. Forest Hills Hosp.*, 926 F.Supp.2d 460, 467 (E.D.N.Y. 2013) (quotations omitted); *Atencio v. U.S. Postal Service*, 14-CV-7929 (GHW), 2015 WL 7308664, at *4 (S.D.N.Y. Nov. 19, 2015).

---

[1] Pursuant to Local Civil Rule 7.2, Defendants will serve Plaintiff a copy of the Docket Entry cited to herein.

[2] For the purpose of this letter, Defendants do not raise any substantive arguments challenging a motion for leave to amend. However, Defendants respectfully reserve the right to assert such arguments if necessary to challenge any subsequently filed motion for leave to amend.



September 16, 2025
Page 3

A review of the Amended Complaint raises legitimate questions regarding whether Plaintiff is receiving assistance from an attorney who has not appeared in this matter. The answer to this question certainly affects the level of deference to be afforded to Plaintiff when deciding how to remedy the violation of Your Honor's Order. If Plaintiff is indeed receiving legal assistance despite outwardly proceeding *pro se*, he should be held to an appropriate standard for his misrepresentation to this Court.

In conclusion, Plaintiff should not be permitted, in direct violation of an unambiguous Court order, to further burden the Court and Defendants. Respectfully, Defendants submit that "[a]t some point, litigation must come to an end. That point has now been reached." *Facebook, Inc. v. Pac. Northwest Software, Inc.*, 640 F.3d 1034, 1042 (9th Cir. 2011).

Accordingly, Defendants write to respectfully request that the Court close this case because Plaintiff has failed to follow this Court's Order, dated June 10, 2025.

Respectfully Submitted,

/s/ *Darrell S. Gay*

cc:    **VIA EMAIL AND CERTIFIED US MAIL**
       Kelvin Hunter
       *Plaintiff Pro Se*
       1440 Coral Ridge Drive #223
       Coral Springs, FL 33071
       Hkinc917@gmail.com