

**Darrell S. Gay, Esq.**
dgay@mrllp.com
Telephone: 212.730.7700
Direct: 917.570.0063

December 18, 2025

**BY ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York, NY 1000

      Re:    <u>Kelvin Hunter v. Debmar-Mercury, et al.,</u>
              22-CV-1687 (PGG) (SDA)

Your Honor:

      This firm represents Ira Bernstein, Mort Marcus, and Debmar-Mercury LLC (hereinafter "Defendants") in the above-captioned matter. Pursuant to Rule I.A. of Your Honor's Individual Rules, Defendants write to respectfully submit this letter to address significant concerns about what has been submitted as Plaintiff's December 8th motion for leave to amend and his proposed amended complaint (Dkt. No. 90).Further in this letter we bring to the Court's attention the procedural and substantive defects we noted in that filing. We respectfully request that the Court close this case for Plaintiff's failure to follow this Court's Order dated October 28, 2025 (Dkt. No. 84).

      As the Court is aware, Plaintiff—now purporting to proceed *pro se*—filed an Amended Complaint on September 11, 2025 (Dkt No. 73), which Your Honor struck from the docket on September 22, 2025 because it had been filed without the Court's permission. (Dkt. No. 76). On September 18, 2025, Plaintiff filed a Motion for Leave to File an Amended Complaint (Dkt. No. 75). On October 23, 2025, the Court held a subsequent hearing to consider both this latest Motion and Defendants' letter-motion seeking the closure of the case for numerous substantive and procedural defects in Plaintiff's filing. (Dkt. No. 74).

      During the hearing, Your Honor provided Plaintiff with another opportunity to file his motion for leave to amend and were crystal clear in your instructions that Plaintiff include an explanation in the motion for why the five (5) new claims he asserted in his September 11th proposed amended complaint were factually and legally sufficient (Dkt. No. 88 at 16-17). Your Honor expressly required Plaintiff to demonstrate why there would be a good-faith basis to believe that one or more of his claims would be successful. (*Id.* at 10). *Second*, Your Honor further instructed Mr. Hunter to attach the proposed amended complaint as an exhibit to the Motion for Leave by December 8, 2025. (*Id.* at 17). This Court's Order dated October 28, 2025 set forth the same. (Dkt. No. 84). On December 8, 2025, Plaintiff filed a new Motion for Leave to Amend. (Dkt. No. 90).

      Plaintiff's latest Motion for Leave to Amend and accompanying proposed amended complaint fail to meet the requirements specified in your October 28th Order, as discussed further below. More fundamentally, however, the form of Plaintiff's latest filing is to say the least awkward. Plaintiff sets forth in his alleged Motion nothing more than a series of statements and arguments about why he should be liberally permitted to amend, but totally fails to follow the Court's clear instructions to set forth the factual bases for each cause of action and the supporting authority that would explain why he would likely be successful. Plaintiff then attaches as an Amended Complaint a revised document that does not comport with the requirements of Rule 8(a)(2) of the FRCP, which clearly spells out that a complaint must contain to be viable a short and plain statement of the claim showing that the pleader is entitled to relief. Plaintiff's Amended Complaint instead includes conclusory statements and legal argumentation, raising interesting concerns as to how one would plead an answer in response to what has been presented.

December 18, 2025
Page 2

During the October 23rd hearing, the Court effectively provided Plaintiff a step-by-step roadmap of how to file. First, Your Honor told Plaintiff that he must demonstrate good cause for seeking to amend a complaint after a scheduling order deadline. Specifically, the Court noted that "Plaintiff must demonstrate in his motion for leave to amend that the proposed amendment does not rest on information that the party knew or should have known in advance of the deadline." (Dkt. No. 88 at 10). The Court further instructed Plaintiff to demonstrate "the factual and legal bases for each one of [his] new claims." (*Id.*) Hence this directive would apply to the specific causes pled in the amended complaint filed on September 11, 2025—namely, breach of contract on a third-party beneficiary theory; unjust enrichment; interference with contractual rights; discrimination via gender stereotyping; and copyright infringement (Dkt. No. 73). Plaintiff's December 2025 complaint actually raises 20 causes (Dkt. No. 90).[1]

Plaintiff's December 2025 filing fails to satisfy the Court's directives. *First*, in direct contravention of the Court's instruction, Plaintiff does not show good cause for amendment—he does not explain why the proposed amendment he now seeks does not rest on information that he knew or should have known in advance of the deadline for filing his initial complaint.

Further, as noted above, Plaintiff's December 2025 complaint expands the number of causes he asserts from six to 20 causes (Dkt. No. 90). Plaintiff's filing fails to follow the Court's explicit instructions in several ways. First, Plaintiff's motion does not identify what is being added or changed—in fact, it makes no mention of his causes of action. Second, Plaintiff fails to lay out the legal and factual bases for each of the five new causes he asserted in his September 11, 2025 proposed amended complaint, and equally fails to apply the Court's guidance to the 14 new causes that he adds to his latest filing.

Plaintiff's proposed amended complaint is also substantively deficient in that it offers no more of a factual basis for each of his claims—new or old—than he did in his previous filing, in contravention of this Court's express instructions during the October 23 hearing (Dkt. No. 88 at 10-11; Dkt. No. 90):

- With respect to Plaintiff's breach of contract under a third-party theory beneficiary, the Court explicitly instructed Plaintiff to "…plead the following facts:  (1) the existence of a valid and binding contract between the other parties, (2) that the contract was intended for his benefit, and (3) the benefit to him is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost."   (Dkt. No. 88 at 10-11).
    - Plaintiff instead merely asserts that he was named Executive Producer in the contract and references other documents relating to how he was paid by Defendants.
    - This largely repeats the facts Plaintiff alleged in his September 11th proposed amended complaint and makes no such showing of the parties' specific intent to have him as an immediate, not merely incidental, beneficiary of the contract. (Dkt. No. 90).

- With respect to his unjust enrichment claim, which Plaintiff pled in the alternative, the Court instructed "…Plaintiff must demonstrate that there are facts showing that the Defendants were enriched at his expense and that equity and good conscience militate against permitting Defendants to retain the benefits of Plaintiff's contributions." (Dkt. No. 88 at 11).
    - Plaintiff instead lists his purported contributions to the *Wendy Williams Show* while serving as an at-will employee, for which he acknowledges he was compensated.
    - He demonstrates neither enrichment of Defendants at Plaintiff's expense nor equity justifications for his claim. (Dkt. No. 90 at ¶¶ 21-38.

- For Plaintiffs' counts alleging race and sex discrimination, this Court instructed him to demonstrate that he was a member of a protected class; that he was qualified for the position; that he suffered adverse employment action; ; and there are facts suggesting

---

[1] While Plaintiff's most recently filed proposed amended complaint purports to assert 21 causes of action, we note the fifth cause of action appears to have been omitted. (Dkt. No. 90) Plaintiff is in fact asserting 20 causes of action.

- - Defendants were motivated by discriminatory intent, including by showing he was treated differently than others similarly situated. (Dkt. No. 88 at 12).
    - In his new proposed amended complaint, Plaintiff expands the number of counts wherein he alleges some form of discrimination on the basis of sex and race but provides no more factual support for any of his allegations as compared to his previous briefing.[2] For instance, with respect to his new Count Twelve under Title VII, alleging race and discrimination, Plaintiff summarily alleges he "was subjected to adverse employment actions…because of his race (Black) and his sex (male)." (Dkt. No. 90 at ¶ 138). Further, he states that he was treated less favorably than similarly situated white male executives engaged in similar roles.
    - Contrary to the Court's instruction, Plaintiff does not allege any specific facts that would guide the Court in determining the plausibility of his claim that Defendants were motivated by discriminatory intent. Plaintiff does not state which white male executives he was allegedly treated more poorly than. He does not offer additional facts showing that Defendants were motivated by race or sex in terminating Plaintiff or offer any other specific facts—beyond conclusory statements—to demonstrate the plausibility of his claim. (Dkt. No. 88 at 13).

- Finally, with respect to Plaintiff's copyright infringement claim, the Court noted that Plaintiff must plead facts that demonstrate Plaintiff had a valid copyright and that Defendants engaged in unauthorized reproduction of work that was protected by copyright. (*Id.*).
    - In his December 8th proposed amended complaint, Plaintiff baldly asserts he owned a valid copyright because he claims he never signed a copyright assignment or work-for-hire agreement and that Defendants were unauthorized to use his creative contributions. (Dkt. No. 90 at ¶ 201).
    - Plaintiff does not provide the factual basis for his belief that he owned a valid copyright under New York common law, which would guide the Court's analysis of whether this claim is plausible. Further, even setting aside for a moment the paucity of the facts alleged, Plaintiff claims his work was not rendered on a work-for-hire basis—an allegation which appears to be contradicted by his own documentary evidence. Section 13(a) of the Term Sheet between Defendants and Ms. Williams (Ex. A to Dkt. No. 90), of which Plaintiff claims he is a third-party beneficiary, explicitly states that all services rendered are on a work-made-for-hire basis, including, presumably, Plaintiff's own contributions. In sum, Plaintiff utterly fails to follow the Court's express instructions to plead facts making it plausible to believe that his rights were violated in various ways. (Dkt. No. 88 at 13).

Furthermore, the 14 additional causes of action in the December 8th proposed amended complaint are similarly not laid out as required by the Courts explicit instructions in its October 28th Order. For instance:

- Plaintiff summarily claims in his eighth cause of action for an accounting that a fiduciary relationship existed between himself and Defendants and that this entitles him to an accounting of Defendants' books and records. (*Id.* at ¶¶ 83-89).
    - Plaintiff does not state the factual basis for his belief that a fiduciary duty existed between himself and Defendants. Plaintiff's complaint offers only conclusory statements with nothing more and thus fails to meet the requirements of Rule 8(a)(2), which mandates a short and plain statement showing a party's entitlement to relief. *See* Fed. R. Civ. Pro. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" for purposes of Rule 8).

---

[2] Defendants note that Plaintiff's new proposed amended complaint filed December 8th appears to separate his previous Counts Four and Five from the September 11th filing into several more causes of action—to wit, the tenth through seventeenth causes of action. (Dkt. No. 90 at 23-36).

- In his fourteenth cause of action for sex discrimination under NYCHRL, N.Y.C. Admin. Code § 8-107, Plaintiff again asserts he "was treated less well because he was male…" and because Defendants acted on gender stereotypes regarding how men behave during marital difficulties. (Dkt. No. 90 at ¶ 172).
    - Plaintiff again offers only conclusory statements that he was treated less well. Once again, contrary to the Court's directive, he alleges no facts that suggest discriminatory intent by Defendants.

- In his twenty-first cause of action for misappropriation of creative content, Plaintiff alleges Defendants knowingly and intentionally appropriated Plaintiff's creative contributions by continuing to use his concepts after he was terminated. (*Id.* at ¶ 236-239). He again acknowledges that he was compensated for these contributions. (*Id.* at ¶ 242).
    - Nowhere in Plaintiff's recitation does he offer the factual basis for his belief that Defendants' actions constituted misappropriation under the law. He acknowledges only his purported contributions to the show and reiterates that he was entitled to compensation. He does not offer the Court any specific facts that would guide its analysis in determining whether Defendants' actions constituted misappropriation in violation of New York's common law unfair competition law.

Plaintiff's filing is replete with examples of such unsupported and unspecific assertions.

Plaintiff's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir.1981)). *Pro se* litigants "acquire[] no greater right than any other litigant,'" *Roundtree v. Singh*, 143 A.D.2d 995, 996 (2d Dep't 1988), and are "held to the same standards of proof as those who are represented by counsel." *Duffen v. State of New York*, 245 A.D.2d 653, 654 (3d Dep't 1997); *see also Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir.2006) (finding (internal citations and quotations omitted). Plaintiff's status, then, does not excuse "frivolous and vexatious filings," including filings that make conclusory allegations which lack substance and are burdensome and prejudicial to Defendants. *Iwachiw v. State Dept. of Motor Vehicles*, 396 F.3d 525, 528-29 (2d Cir. 2005).

Lastly, in reviewing the filing, we identified several citations that we have been unable to locate or do not appear to exist (Dkt. No. 90). By way of example:

- pg. 2 - *Lippe v. Bairnco Corp.*, 99 F. Supp. 2d 345 (S.D.N.Y. 2000)
- pg. 12 - *Whitman Rearick v. Kaplan*, 98 A.D.3d 125 (1st Dep't 2012)
- pg. 23 – *McGrath v. Tavares*, 2022 WL 3106741 (S.D.N.Y. 2022)

We also note several instances throughout Plaintiff's December 8th filing where he cites cases that appear to have been misquoted or do not stand for the propositions for which they are cited. These include:

- p. 4 - *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). The quote cited by Plaintiff that "futility means 'no set of facts can be proved' supporting the claim" does not appear in the case text.
- p. 6 – *Triestman*, 470 F.3d at 474. The quote "A pro se litigant should be afforded every reasonable opportunity to amend." does not appear in the case text.
- p. 42 - *Roy Exp. Co. Establishment v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) ("The essence of unfair competition is the bad faith misappropriation of the labors and expenditures of another."). This quote does not appear in the case text.

We raise this issue with appropriate sensitivity to Plaintiff's *pro se* status and without attributing intent. However, because accurate citation of legal authority is essential to the Court's consideration of the pending motion, we respectfully wanted to share what we observed. If the Court wishes, we are prepared to submit a short supplemental letter identifying the specific citations at issue.

In closing, we believe Plaintiff's December 8th filing plainly violates this Court's October 28th Order. Your Honor extended Plaintiff an opportunity to amend his filing and laid out explicit instructions

December 18, 2025
Page 5

on how to do so. Plaintiff has not provided the legal and factual bases for any of his claims, and, indeed, sets forth many more irrelevant and facially meritless causes of action in his latest filing. In addition to Plaintiff being able to consult with the Pro Se Office for assistance, as we have previously noted, it appears that Plaintiff has had the assistance of some legal counsel in preparing his papers for Court. Accordingly, Defendants respectfully submit that Plaintiff not be afforded another opportunity to amend and request that this case be closed for Plaintiff's failure to comply with the Court's October 28th Order, in addition to any other relief the Court considers proper. Defendants further request that their time to answer or otherwise move in response to Plaintiff's filing be held in abeyance pending the Court's determination.

We appreciate your attention to this matter.

Respectfully Submitted,

**MICHELMAN & ROBINSON, LLP**

Darrell S. Gay

cc: **VIA EMAIL AND CERTIFIED US MAIL**
Kelvin Hunter
Plaintiff Pro Se
1440 Coral Ridge Drive #223
Coral Springs, FL 33071
Hkinc917@gmail.com